# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TONY CURTIS JOHNSON,

        Plaintiff,                      Case Number: 2:07-CV-14605

v.                                            HONORABLE AVERN COHN

WILLIAM PAUL NICHOLS, ET AL.,

        Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

### I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff William Paul Nichols (Plaintiff) is incarcerated at the Parnall Correctional Facility in Jackson, Michigan. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). For the reasons that follow, the complaint will be dismissed under 28 U.S.C. § 1915(e)(2),[1] because it fails to state a claim upon which relief may be granted.

---

[1]     28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> . . .
> (ii) fails to state a claim upon which relief may be granted . . .

II. Background

Plaintiff's complaint arises from the circumstances of his arrest for larceny in the City of Monroe in June 2006. Plaintiff alleges that he was arrested without probable cause. He claims that as a result of this false arrest he sustained "pain, suffering, indignation, humiliation, aggravation, aggravating circumstances, outrage, mental distress, mental anguish, legal expenses, embarrassment and fear." Complaint at p. 3. Plaintiff also alleges that defendants County of Monroe and City of Monroe knew or should have known that its officers were acting unlawfully in arresting Plaintiff and that the prosecutors knowingly presented false evidence.

Plaintiff further alleges that defendants Monroe County, City of Monroe, police, and prosecutors initiated the investigation of him because he is black, and that the County of Monroe and City of Monroe have established a pattern, practice and policy of racial discrimination.

Plaintiff was convicted of larceny in a building and sentenced to two to eight years imprisonment.

III. Analysis

A. Claims Asserted Under 42 U.S.C. §§ 1983, 1985 & 1986

Plaintiff claims defendants violated 42 U.S.C. § § 1983, 1985 and 1986. However, a judgment in favor of Plaintiff on these asserted claims would necessarily imply the invalidity of his continued confinement. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper under 42 U.S.C. § 1983:

[W]hen a state prisoner seeks damages in a § 1983 suit, the district court

> must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87. In addition, Heck applies not only to claims brought under § 1983, but also to those raised under §§ 1985 & 1986. *See* Lanier v. Bryant, 332 F.3d 999, 1005-06 (6th Cir. 2003) (applying Heck to § 1985 action). Thus, plaintiff fails to state a claim against defendants under §§ 1983, 1985 and 1986.[2]

### B. Claims Asserted Under 18 U.S.C. §§ 241 & 242

Plaintiff claims that all of the defendants deprived him of unspecified constitutional rights in violation of 18 U.S.C. §§ 241 and 242. Sections 241 and 242 are part of the Criminal Code and only the United States as a prosecutor can bring a complaint pursuant to those sections. No private civil right of action exists under either § 241 or § 242. Bybee v. Pirtle, 1996 WL 596459 (6th Cir. Oct. 16, 1996); *see also* Beerbower v. United States, 592 F. Supp. 67, 68, *aff'd,* 787 F.2d 588 (6th Cir. 1986). Accordingly, Plaintiff fails to state a claim for which relief may be granted claims with respect to his claims asserted under 18 U.S.C. §§ 241 and 242.

### C. State Law Claims

The remainder of Plaintiff's claims allege violations of state law. Because Plaintiff

---

[2] A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 486-87 (1973). However, the Court declines to construe Plaintiff's complaint as a habeas petition because he does not allege that his claims are exhausted. *See* Parker v. Phillips, 27 Fed. Appx. 491, 494 (6th Cir. 2001). Further, the Court declines to construe the complaint as a habeas petition because Plaintiff may want to assert additional or different claims for relief in a habeas corpus petition than those contained in the complaint.

fails to allege any facts sufficient to sustain a federal claim in this court, the Court declines to exercise supplemental jurisdiction over his state law claims. *See* 28 U.S.C. § 1367(c), and those claims are dismissed without prejudice.

IV. Conclusion

Accordingly, for the reasons stated above, the complaint is **DISMISSED** under 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

**SO ORDERED**.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: February 1, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Tony Johnson, 487782, Parnall Correctional Facility, 1780 E. Parnall, Jackson, MI 49201 on this date, February 1, 2008, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160